### JACOB B. LITTLEHALE *versus* NATHANIEL MABERRY.

A demand of payment, of an endorser of a promissory note, must convey information of its dishonor, and should be made before the fourth day after the last day of grace.

Reported by GOODENOW, J.

Assumpsit against defendant as endorser of a promissory note, dated Boston, November 1, 1854, payable to his order in twenty months, and by him endorsed.

The plaintiff proved that a messenger went to Boston with the note, where plaintiff was informed by the defendant the maker resided, for the purpose of making a demand upon the maker, and on the third day of July, 1856, made diligent search in the city of Boston, for Charles Carter, the maker of said note, and that then and there he ascertained that said Carter had removed from Boston, and then resided at Reading, in the state of Massachusetts, and not at Boston aforesaid; that immediately on receiving that information he proceeded to said Reading, but was unable to reach that town until the fourth day of the same July, not having ascertained his residence in season to go on the third, where he found the said Carter, at his residence in said Reading, and then

and there demanded of said Carter payment of said note, which he then had, and exhibited to said Carter, and that said Carter then and there refused to pay said note, or any part of the same; that on the eighth day of the same July payment of said note was duly demanded of said endorser, in the town of Woodstock, in the county of Oxford.

*Rawson & Ludden,* counsel for plaintiff.

*C. W. Walton,* counsel for defendant.

TENNEY, C. J.   The note in suit was made in Massachusetts, and to hold the endorser thereof, the law of Massachusetts must have been complied with, in relation to demand and notice.

It is well understood, that in that commonwealth, on all promissory notes, which are negotiable, payable at a future day, grace shall be allowed.   R. S. of Mass., of 1836, chap. 33, sec. 5.   But whether the note in this case was presented on the day required by the laws of Massachusetts, and payment demanded, is quite immaterial, as it is very certain that the notice to the defendant was defective, in not containing information that the note had been dishonored; and it being given the fourth day after the last day of grace, it was clearly too late; and the endorser was discharged of his liability. Gilbert v. Dennis, 3 Met., 495.

*Plaintiff nonsuit.*